Frank J. GINETT, Plaintiff–Appellant,

v.

COMPUTER TASK GROUP, INC.,
Defendant–Appellee.

No. 326, Docket 93–7410.

United States Court of Appeals,
Second Circuit.

Argued Sept. 17, 1993.

Decided Dec. 8, 1993.

Robert E. Knoer, Buffalo, NY (David P. Marcus, of counsel), for plaintiff-appellant.

H. Kenneth Schroeder, Buffalo, NY (Hodgson, Russ, Andrews, Woods & Goodyear, of counsel), for defendant-appellee.

Before: OAKES, PRATT, and MAHONEY, Circuit Judges.

PRATT, Circuit Judge:

Plaintiff Frank J. Ginett appeals from a judgment of the United States District Court for the Western District of New York, John T. Elfvin, *Judge,* based on a jury verdict of $31,920 on his claim for severance pay.

The underlying dispute in this case stems from Ginett's termination from employment at Computer Task Group, Inc. ("CTG"). *See Ginett v. Computer Task Group, Inc.,* 962 F.2d 1085 (2d Cir.1992). While his complaint includes several causes of action, including breach of contract and wrongful discharge, this appeal deals only with his claim for severance pay under an agreement with CTG.

This case returns to us after our reversal of the district court's granting of summary judgment on the severance claim to plaintiff in an amount that included $80,000 of de-ferred incentive compensation. In an opinion filed April 29, 1992, we held that CTG is liable to Ginett for the payment of severance pay, but that there was a triable issue as to the amount. Specifically, addressing the issue of the calculation of severance pay in the remand, we stated:

> The district court concluded that the entire $80,000 that was paid on November 3, 1988 was to be included within the "last three months['] total compensation." While that is one reasonable reading of the documents, nevertheless, it would be at least as reasonable to read the 1988–92 plan as contemplating the calculation of severance pay based only upon one, quarterly, $20,000 installment of deferred incentive compensation. * * * We think a trial is necessary to resolve the conflict and *to determine which interpretation was truly intended by the parties.*

*Ginett,* 962 F.2d at 1100–01 (emphasis added).

We therefore remanded "for a trial on the limited issue of the amount of deferred incentive compensation [either $20,000 or $80,000], to be included in the calculation of severance pay." *Id.* at 1101.

On remand, Ginett moved *in limine* for a ruling that the only question to be presented to the jury was the issue of whether $20,000 or $80,000 of the deferred compensation should be included in the severance formula. The trial court denied Ginett's motion and, contrary to our direction, allowed CTG to argue a third possibility to the jury—that the $80,000 deferred compensation paid to Ginett on November 3, 1988 (25 days before he was terminated) should not be included in the severance calculation at all.

Under the doctrine of law of the case, a district court generally may not deviate from a mandate issued by an appellate court, *see Briggs v. Pennsylvania R.R. Co.,* 334 U.S. 304, 306, 68 S.Ct. 1039, 1040, 92 L.Ed. 1403 (1948), and the appellate court retains the right to control the actions of the district court where the mandate has been misconstrued or has not been given full effect, *see In re Sanford Fork & Tool Co.,* 160 ·U.S. 247, 255, 16 S.Ct. 291, 293, 40 L.Ed. 414

(1895); *see also In re Ivan F. Boesky Securities Litigation,* 957 F.2d 65, 69 (2d Cir.1992). Indeed, because the district court has no discretion in carrying out the mandate, the appellate court retains the authority to determine whether the terms of the mandate have been "scrupulously and fully carried out". *United States v. E.I. Du Pont De Nemours & Co.,* 366 U.S. 316, 81 S.Ct. 1243, 6 L.Ed.2d 318 (1961). The district court's actions on remand should not be inconsistent with either the express terms or the spirit of the mandate. *See Quern v. Jordan,* 440 U.S. 332, 347 n. 18, 99 S.Ct. 1139, 1148 n. 18, 59 L.Ed.2d 358 (1979).

 Guided by these principles, we conclude that the district court erred in departing from our mandate that limited the issue at trial to a determination of whether $20,000 or $80,000 should be included in the calculation of severance pay.

Finally, CTG contends that Ginett failed to object to the district judge's proposed jury instructions and should be precluded from challenging the district court's ruling on appeal. Ginett did, however, make his *in limine* motion before the jury trial began, and therein clearly set forth his position that the only issue open under our remand was whether his severance pay should be calculated on the basis of $20,000 or $80,000. Equally clearly, the district court flatly rejected his position. The district court was fully apprised of Ginett's position, and no further action was needed to preserve the issue for this appeal.

Formal exceptions to rulings of the court are unnecessary, and it is sufficient that a party "makes known to the court the action which the party desires the court to take or the party's objection to the action of the court and the grounds therefor." Fed. R.Civ.P. 46. As Ginett notes, "this rule is premised on the notion that the primary purpose of requiring formal exceptions is to apprise the court of the litigant's position so that the court might correct its ruling where shown to be in error." *See* 5A J. Moore, *Moore's Federal Practice* § 46.02 (2d ed. 1985).

## CONCLUSION

The district court failed to follow the directive in our last opinion. We therefore reverse and remand for a new trial.