68 F.3d 462
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marzy Watina KING, Defendant-Appellant.
 No. 95-5047.
 United States Court of Appeals, Fourth Circuit.
 Argued: Sept. 25, 1995.
Decided: Oct. 16, 1995.
 
 ARGUED: Charles Russell Burke, Virginia Beach, Virginia, for Appellant.
 William Graham Otis, Senior Litigation Counsel, UNITED STATES ATTORNEY'S OFFICE, Alexandria, Virginia, for Appellee. ON BRIEF: Helen F. Fahey, United States Attorney, UNITED STATES ATTORNEY'S OFFICE, Alexandria, Virginia, for Appellee.
 Before RUSSELL, MICHAEL, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Marzy Watina King appeals from the district court's order resentencing her after remand to seventy months in prison upon her conviction for possession with intent to distribute 242 grams of cocaine base ("crack") pursuant to 21 U.S.C. Sec. 841(a)(1) (1988). King contends that the district court erred in failing to make a specific finding as to the quantity of crack reasonably foreseeable by her for sentencing purposes. Because this issue was specifically foreclosed by our earlier mandate, we affirm King's sentence.
 
 I.
 
 2
 In 1993, King traveled from North Carolina to visit a friend, Leon Matthis, in New York. Matthis asked King to transport an unspecified quantity of drugs to North Carolina on her return trip. King agreed and Matthis placed the drugs in her suitcase and drove King to the bus station. Matthis planned to drive to North Carolina and meet King upon her arrival. King was arrested at a bus station in Norfolk, Virginia after the police found 242 grams of crack in her suitcase. She subsequently admitted she knew she was carrying drugs for Matthis. At the time of this incident, King was twenty years old, had never carried drugs before, and had no record of adult criminal activity.
 
 
 3
 King was indicted by a federal grand jury on a single count of possession with intent to distribute 242 grams of crack. She was found guilty after a bench trial on stipulated facts. At her initial sentencing, the district court made clear its belief that it was inequitable in King's case to apply the statutory mandatory minimum sentence of ten years' imprisonment accompanying a violation of Sec. 841(a)(1) involving fifty or more grams of crack. The district court inexplicably reasoned that because King never saw the quantity of drugs placed in the suitcase, she could not reasonably have foreseen she was carrying more than about twenty to thirty-five grams of crack. This calculation permitted the district court to sentence King under the United States Sentencing Guidelines ("Guidelines") to a term of fifty-seven months' imprisonment.
 
 
 4
 We vacated the district court's order on appeal and remanded the case for resentencing holding that the district court erred in manipulating the Guidelines. United States v. King, No. 94-5222 (4th Cir. Nov. 4, 1994) (unpublished) ("King I "). We stated that unquestionably King was found guilty by the district court of possession with intent to distribute crack under Sec. 841(a)(1), and that the quantity she possessed was 242 grams. We made clear that a defendant convicted of violating Sec. 841(a)(1) involving fifty or more grams of crack must be sentenced under the statutory mandatory minimum to no less than ten years' imprisonment. We held that neither the statutory nor Guidelines sentencing case law supported the district court's attempt to reduce the amount of crack involved to that which King could have "reasonably foreseen" in a non-conspiracy case. We explained that:
 
 
 5
 [u]nder the sentencing guidelines, consideration of the amount of drugs reasonably foreseeable by the defendant is permitted only in the sentencing of co-conspirators. Guidelines Sec. 1B1.3(a)(1)(B). Similarly, our cases make clear that the "reasonable foreseeability" test applies only to sentencing following a conspiracy conviction. United States v. Banks, 10 F.3d 1044, 1057 (4th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1851 (1994); United States v. Irvin, 2 F.3d 72, 78 (4th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1086 (1994); United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir.1993).
 
 
 6
 We concluded our mandate in King I by noting that recent congressional amendments to 18 U.S.C.A. Sec. 3553 (West Supp.1995)* might permit the district court to grant a downward departure from the statutory minimum if it held on remand that the amendments applied.
 
 
 7
 The government subsequently conceded that Sec. 3553, as amended, applied to King. Despite our decision in King I, King's attorney persisted that the district court was required to make a finding as to the quantity of crack reasonably foreseeable by King. The district court rejected King's argument, noting that our earlier mandate foreclosed the issue. The district court granted downward departures under both Sec. 3553 and U.S.S.G. Sec. 3E1.1(b) for King's acceptance of responsibility and sentenced King to seventy months' imprisonment. King timely appealed.
 
 II.
 
 8
 King contends the district court erred in failing to attribute a specific quantity of drugs reasonably foreseeable by her for sentencing purposes. We find no error, however, because the district court was powerless to grant the requested relief.
 
 
 9
 Once a case has been decided on appeal and a mandate issued, a district court upon remand may not issue an order on the case inconsistent with any matter decided on appeal. Stamper v. Baskerville, 724 F.2d 1106, 1107 (4th Cir.1984) (quoting In re Sanford Fork & Tool Co., 160 U.S. 247, 255-56 (1895)); see also Brunet v. City of Columbus, Ohio, 58 F.3d 251, 254-55 (6th Cir.1995); Perlmutter v. U.S. Gypsum Co., 54 F.3d 659, 662 (10th Cir.1995); Odima v. Westin Tucson Hotel, 53 F.3d 1484, 1497 (9th Cir.1995); Ginett v. Computer Task Group, Inc., 11 F.3d 359, 360-61 (2d Cir.1993). The district court's actions upon remand should not be inconsistent with either the express terms or the spirit of the mandate. See Quern v. Jordan, 440 U.S. 332, 347 n. 18 (1979).
 
 
 10
 As the district court recognized, it lacked power to grant the relief requested by King. In King I, we held that the reasonable foreseeability test did not apply to non-conspiracy cases. This holding cannot be construed as dicta. In vacating King's sentence, we employed a two-part analysis, both parts of which were integral to the result. We first held that, despite their restrictive nature, the district court was bound by congressionally-imposed mandatory minimum sentences. We then held that the district court could not circumvent these congressional mandates by reducing the amount of attributable cocaine under the guise of reasonable foreseeability--a standard that only applies to conspiracy cases. Hence, the relief sought by King was inconsistent with the express terms of our mandate in King I, which had become the law of the case.
 
 III.
 
 11
 We accordingly affirm King's sentence in all respects.
 
 AFFIRMED