UNITED STATES of America, Appellant,

v.

Lee H. SHUMARD, Defendant–Appellee.

No. 1529, Docket 96–1698.

United States Court of Appeals,
Second Circuit.

Argued May 29, 1997.

Decided May 30, 1997.

Jeffrey A. Meyer, Assistant United States Attorney, District of Connecticut (Christopher F. Droney, United States Attorney, District of Connecticut), New Haven, CT, for appellant.

James J. Ruane, Gaston & Ruane, Bridgeport, CT, for defendant-appellee.

Before: VAN GRAAFEILAND, MINER and CABRANES, Circuit Judges.

PER CURIAM:

The government appeals a sentence imposed on appellee Lee H. Shumard in the United States District Court for the District of Connecticut (Peter C. Dorsey, *Chief Judge*), arguing that, in sentencing appellee, the district court erred in failing to apply the two-level adjustment contained in United States Sentencing Guidelines ("U.S.S.G.") § 2F1.1(b)(2)(B), which applies "[i]f the offense involved ... a scheme to defraud more than one victim." In the alternative, the government argues that the district court erred in failing to apply the adjustment for more than minimal planning pursuant to U.S.S.G. § 2F1.1(b)(2)(A). We agree that the district court erred in failing to apply the two-level adjustment under U.S.S.G. § 2F1.1(b)(2)(B) for a scheme to defraud more than one victim. Accordingly, we vacate the judgment entered by the district court and remand for resentencing. Because we hold that the district court erred in failing to apply the two-level adjustment under U.S.S.G. § 2F1.1(b)(2)(B), we need not consider appellant's alternative claim, that the district court erred in failing to apply the adjustment for more than minimal planning under U.S.S.G. § 2F1.1(b)(2)(A).

I.

Appellee entered a plea of guilty to one count of making a false statement in connection with an application for a loan from the

Branford Savings Bank, in violation of 18 U.S.C. § 1014. However, from 1988 to 1990, appellee actually defrauded three banks— Branford Savings Bank, Milford Bank, and Connecticut National Bank. Appellee employed virtually identical schemes to defraud Branford Savings Bank and Milford Bank— he submitted sham tax returns to each bank in order to obtain loans. Appellee defrauded Connecticut National Bank with the assistance of a bank manager at the bank, who helped him to fraudulently obtain ten loans in the names of various parties.

At sentencing, the district court initially decided to apply the adjustment for more than minimal planning, under U.S.S.G. § 2F1.1(b)(2)(A). However, later in the sentencing hearing, the district court revisited the matter and decided not to apply the minimal planning adjustment. At that point, the government asked the district court to consider, in the alternative, whether to apply the two-level adjustment for defrauding more than one victim. The court declined to do so.

In determining the amount of restitution, the district court had already found that the defendant's schemes to defraud Milford Bank and Connecticut National Bank constituted "relevant conduct." However, in declining to apply the two-level adjustment for defrauding more than one victim, the court stated that the adjustment was not applicable "because there only is one victim in the count to which Mr. Shumard has [pled]."

This appeal followed.

## II.

■ The government claims that, in sentencing appellee, the district court erred in failing to apply the two-level adjustment contained in U.S.S.G. § 2F1.1(b)(2)(B), which applies "[i]f the offense involved ... a scheme to defraud more than one victim." In the alternative, it argues that the district court erred in failing to apply the adjustment for more than minimal planning pursuant to U.S.S.G. § 2F1.1(b)(2)(A).[1]

The Sentencing Guidelines recognize that a defendant should be held accountable for both the conduct underlying the specific count of which he is convicted, and also any other "relevant conduct." *See* U.S.S.G. § 1B1.3; *see also Witte v. United States*, 515 U.S. 389, 403–05, 115 S.Ct. 2199, 2208, 132 L.Ed.2d 351 (1995). Consequently, the Guidelines provide that the application of "specific offense characteristics," like that contained in U.S.S.G. § 2F1.1(b)(2)(B), "shall be determined on the basis of" relevant conduct. *See* U.S.S.G. § 1B1.3(a).

■ The government argues that, under U.S.S.G. § 1B1.3(a)(2), once the district court found that the schemes to defraud the other two banks constituted "relevant conduct," the court was not free to disregard these schemes in determining whether to apply the twolevel adjustment for defrauding more than one victim. *See United States v. Watts*, —— U.S. ——, ——, 117 S.Ct. 633, 636, 136 L.Ed.2d 554 (1997) (per curiam) (noting that U.S.S.G. § 1B1.3(a)(2) "requires" the court to consider relevant conduct). We agree that the district court erred when it failed to apply the two-level adjustment for defrauding more than one victim, after it had specifically found, earlier at the same hearing, that appellee had defrauded at least two additional banks. In these circumstances, we need not decide whether the district court also erred in failing to apply the adjustment for more than minimal planning. *See* U.S.S.G. § 1B1.1, comment. (n.4) (stating that where two adjustments are set forth within a single specific-offense-characteristic

1. Appellee argues that the government has waived these claims by failing to object to the district court's ruling at sentencing. Rule 51 of the Federal Rules of Criminal Procedure provides that, to preserve an objection for appeal, "it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which that party desires the court to take or that party's objection to the action of the court and the grounds therefor." Fed.R.Crim.P. 51. In this case, the government argued each of these claims at the sentencing hearing prior to the district court's disputed ruling. In these circumstances, the government clearly preserved these claims for appellate review. *Cf. Ginett v. Computer Task Group, Inc.*, 11 F.3d 359, 361 (2d Cir.1993) (in civil context, where court was "fully apprised" of party's position and rejected this position, "no further action was needed to preserve the issue for this appeal").

section, "only the one that best describes the conduct is to be used").[2]

For the foregoing reasons, we vacate the defendant's sentence and remand for resentencing.

---

2. We reject the proposition that, because the government focused much of its argument at sentencing on the specific offense characteristic of more than minimal planning under U.S.S.G. § 2F1.1(b)(2), it is somehow barred from arguing on appeal that the adjustment for defrauding more than one victim was applicable. *Appellee's Brief* at 16, citing U.S.S.G. § 1B1.1, comment. (n.4).