David J. PAHUTA, Jr., Plaintiff,

v.

MASSEY–FERGUSON, INC., Defendant.

No. 91–CV–107H.

United States District Court, W.D. New York.

June 7, 1999.

James Brown, Brown & Mohun, Depew, NY, for Plainitff.

William E. Nitterauer, Quackenbush, Cessario & Hamlin, Buffalo, NY, for Keeler Constr. Co.

Ronald R. Pawlak, Harvey, Kruse, Westen & Milan, P.C., Troy, MI, for Massey-Ferguson Inc.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all proceedings in this case, including the entry of final judgment (Item 19). Following a jury verdict in favor of the plaintiff, defendant Massey–Ferguson appealed to the Second Circuit Court of Appeals. The Second Circuit vacated the final judgment and remanded the case for a new trial.

Defendant moves to limit the second trial solely to the issue of defendant's liability (Item 202). Absent any limiting instructions to the contrary, a mandate for a new trial directs a lower court to retry both the issues of damages and liability. For the reasons set out below, defendant's motion is denied.

## BACKGROUND

Plaintiff, an employee of Keeler Construction Company, was loading corrugated steel pipe into a dump truck for his employer. Plaintiff was using a Massey–Ferguson hydraulic tractor loader with a forklift attachment to lift the pipe. As plaintiff lifted the pipes into the truck, the front tire of the tractor loader bumped into the right rear tire of the dump truck. The rubber against rubber contact had a spring-like effect that caused one of the pipes to roll backwards down the fork arms attached to the tractor loader. Plaintiff ducked his head and the pipe struck him in the back, leaving him permanently paralyzed from the waist down.

## PROCEDURAL HISTORY

Plaintiff commenced this action on October 4,1990, in the Supreme Court, Erie County, State of New York. The early history of this case through defendant's motion for summary judgment can be found in this court's order of October 10, 1996. *Pahuta v. Massey–Ferguson, Inc.,* 942 F.Supp. 161 (W.D.N.Y.1996). A jury trial was held before the undersigned from May 5–23, 1997. The jury returned a verdict for the plaintiff (Item 150). Entry of judgment was deferred pending counsel's stipulation on appropriate deductions from the verdict. On November 12, 1997, judgment was entered for plaintiff against defendant in the amount of $2,051,265.00, plus $84,974.40 in interest (Item 166).

On December 10, 1997, plaintiff moved for a new trial on the issue of damages, arguing that the jury's award was inadequate (Item 167). This motion was denied. *Pahuta v. Massey–Ferguson, Inc.,* 997 F.Supp. 379 (W.D.N.Y.1998).

Defendant appealed to the Second Circuit Court of Appeals, arguing that the district court erred when it: (1) denied defendant's motion for summary judgment on the product defects claims; (2) denied defendant's Rule 50(a) motion and defen-

dant's motion for judgment as a matter of law; and (3) denied defendant's request to charge the jury on New York law concerning optional safety equipment. *Pahuta v. Massey–Ferguson, Inc.,* 170 F.3d 125, 127 (2d Cir.1999). The Second Circuit affirmed the district court's ruling on defendant's motion for judgment as a matter of law, and also declined to review the denial of summary judgment claim. *Id.* The panel did find that the district court erred by not charging the jury on the optional safety equipment, in accordance with *Biss v. Tenneco, Inc.,* 64 A.D.2d 204, 409 N.Y.S.2d 874 (1978), *appeal denied,* 46 N.Y.2d 711, 416 N.Y.S.2d 1025, 389 N.E.2d 841 (1979). *Pahuta,* 170 F.3d at 132–36. The Second Circuit vacated the final judgment and remanded the case for a new trial. *Id.* at 127–28, 136.

## DISCUSSION

Defendant contends that the Second Circuit's mandate limits the second trial solely to the issue of defendant's liability (Item 202). The Second Circuit mandate stated the following:

> [T]he judgment of said district court be and it hereby is affirmed in part, vacated in part, reversed in part, and remanded to said district court for further proceedings in accordance with the opinion of this court.

*(Id.* at Ex. B). The opinion indicated that the court vacated the district court's final judgment and remanded the case for a new trial based on erroneous jury instructions. *Pahuta,* 170 F.3d at 127, 136.

Defendant makes three arguments in support of its motion. First, defendant argues that the district court lacks jurisdiction to exceed the scope of the mandate (Item 203, at 5–7). Second, defendant argues that it is an abuse of discretion to grant a second trial on damages in the absence of error at the first trial *(Id.* at 8–12). And third, defendant argues that a new trial on damages would violate the law of the case doctrine *(Id.* at 13–15). Each argument is addressed in turn below.

## I. Scope of the Mandate.

█ A district court does not have the authority to deviate from the mandate issued by the court of appeals. *See Briggs v. Pennsylvania R.R.,* 334 U.S. 304, 306, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948); *Ginett v. Computer Task Group, Inc.,* 11 F.3d 359, 360 (2d Cir.1993); *In re Ivan F. Boesky Sec. Lit.,* 957 F.2d 65, 69 (2d Cir.1992). Unless the appellate court issued a formal mandate, "the mandate consists of a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs." FED.R.APP.P. 41(a).

The Second Circuit's opinion clearly ordered that a *new trial* be held. *Pahuta,* 170 F.3d at 127–28, 135–36 (emphasis added). The panel also affirmed the district court's denial of defendant's motion for judgment as a matter of law made at the close of trial *(Id.* at 129). In addition, the panel declined to review the denial of defendant's motion for summary judgment *(Id.* at 129–32).

█ As far as the scope of the new trial, there is no language in the opinion or the mandate limiting the new trial to liability issues only. In the absence of such limiting language, it would violate the mandate to limit the trial in the manner suggested by the defendant. Defendant's argument to the contrary is unpersuasive.

## II. Second Trial on Damages.

Defendant also argues that it would be an abuse of discretion to grant a second trial on damages in the absence of error at the first trial. In support of this argument, defendant cites a line of cases that promote the use of special verdicts in an effort to preserve factual issues in the event a new trial is required. *Crockett v. Long Island R.R.,* 65 F.3d 274, 278 (2d Cir.1995); *Martell v. Boardwalk Enters.,* 748 F.2d 740, 756 (2d Cir.1984); *Crane v. Consolidated Rail Corp.,* 731 F.2d 1042, 1050 (2d Cir.1984); *Berkey Photo, Inc. v. Eastman Kodak Co.,* 603 F.2d 263, 278–89

(2d Cir.1979); *see also Akermanis v. Sea–Land Serv., Inc.,* 688 F.2d 898, 906 (2d Cir.1982); *Rivera v. Farrell Lines, Inc.,* 474 F.2d 255, 258 & n. 5 (2d Cir.1973).

■ Defendant is correct in asserting that use of a special verdict sheet can preserve factual issues in the event a new trial is required. However, the Second Circuit has held that when a district court fails to provide a jury charge related to a litigant's claim or defense, the litigant is entitled to a new trial if the failure to provide the charge is prejudicial. *Anderson,* 17 F.3d at 557; *Boyle v. Revici,* 961 F.2d 1060, 1062–63 (2d Cir.1992). As noted above, there is no basis for limiting a new trial to liability issues in the absence of instructions to the contrary.

Defendant is concerned that upon retrial, a jury may award a higher amount of damages to the plaintiff. Yet, this is precisely the risk that defendant took in urging the appellate court to order a new trial based on erroneous instructions. Defendant has provided no authority to support its position that a remand for a new trial does not mean what it plainly says—a new trial, which necessarily includes both liability and damages.

### III. Law of the Case Doctrine.

■ Finally, defendant argues that a new trial of the damages would violate the law of the case doctrine. The law of the case doctrine requires a trial court to follow an appellate court's ruling on an issue in the same case. *Prisco v. A & D Carting Corp.,* 168 F.3d 593, 607 n. 10 (2d Cir.1999); *United States v. Minicone,* 994 F.2d 86, 89 (2d Cir.1993). The doctrine also holds that when a court has ruled on an issue, the court should adhere to that ruling during subsequent stages of the litigation. *Prisco,* 168 F.3d at 607; *see also County of Suffolk v. Stone & Webster Eng'g.,* 106 F.3d 1112, 1117 (2d Cir.1997). However, the doctrine is a discretionary principle that does not prevent a court from reviewing an earlier ruling that it made prior to final judgment. *Prisco,* 168

F.3d at 607; *Tischmann v. ITT/Sheraton Corp.,* 145 F.3d 561, 564 (2d Cir.1998); *cert. denied,* —— U.S. ——, 119 S.Ct. 406, 142 L.Ed.2d 329 (1998); *Pescatore v. Pan American World Airways,* 97 F.3d 1, 7–8 (2d Cir.1996).

Defendant argues that the damages plaintiff has suffered have already been established as the law of the case (Item 203, at 13). In support of this, defendant cites this court's ruling of February 18, 1998, which held that the jury's award "[did] not materially deviate from the range of reasonable compensation found in state court verdicts rendered prior to entry of judgment." *Pahuta,* 997 F.Supp. at 386. In addition, defendant argues that plaintiff's damages have nothing to do with the jury charge or optional equipment, which allots only to liability.

■ Once again, defendant has not provided any persuasive authority to support its position. The Second Circuit vacated the final judgment entered by this court and remanded the case for a new trial. *Pahuta,* 170 F.3d at 127–28. By vacating the final judgment, the Circuit set aside the jury's verdict. Rather than violating the law of the case, a retrial on damages follows the Court of Appeals' edict. *Briggs,* 334 U.S. at 306, 68 S.Ct. 1039; *Ginett,* 11 F.3d at 360; *In re Ivan F. Boesky Sec. Lit.,* 957 F.2d at 69.

### CONCLUSION

For the reasons set forth above, defendants motion (**Item 202**) is denied. **Proposed jury instructions are due** on *July 22, 1999.* The final pretrial conference will be held on **July 29, 1999,** at 2:00 **P.M.** The **retrial will** commence on **September 7, 1999,** at 9:30 **A.M.**

**So Ordered.**