I.O.B. Realty, Inc. v. Patsy's Brand, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**AMENDED SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S **Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1.** IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of August, two thousand and twenty-one.

Present:
> JOHN M. WALKER, JR.
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

---

I.O.B. REALTY, INC.,

> *Plaintiff-Appellee,*

- v -                                    No. 20-1988-cv

PATSY'S BRAND, INC.,

> *Defendant-Appellant.* [1]

---

[1] The Clerk of the Court is directed to amend the official caption as set forth above.

For Defendant-Appellant: BRIAN M. BLOCK, Mandelbaum Salsburg P.C., Roseland, NJ (Joel G. MacMull, Mandelbaum Salsburg P.C., Roseland, NJ; Ronald D. Coleman, Dhillon Law Group Inc., New York, NY, *on the brief*)

For Plaintiff-Appellee: J'NAIA L. BOYD, Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman, Rivkin Radler LLP, Uniondale, NY; Boris Kogan, Boris Kogan & Associates, P.C., New York, NY, *on the brief*)

---

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 4, 2020 judgment of the United States District Court for the Southern District of New York (Stanton, *J.*) be **VACATED**, judgment **ENTERED** for Patsy's Brand, and the case **DISMISSED**.

We are presented with a puzzling situation at the end of a vexing chapter in the "minor legal epic"[2] between Patsy's Pizzeria ("I.O.B.") and Patsy's Italian Restaurant ("Patsy's Brand"). We assume the parties are, after two decades of litigation, well acquainted with the facts and issues at play in this case.

In May of last year, a panel of this Court vacated the district court's order and judgment regarding the matter now before us. Of concern to the panel was that, rather than applying the law within the strictures of the Federal Rules of Civil Procedure, Judge Stanton crafted a remedy that he concluded would address the "reality" of the situation.

---

[2] *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, No. 98-cv-10175, 2002 WL 59434, at *1 (S.D.N.Y. Jan. 16, 2002). Given all that has happened since this description's first appearance, "minor" may no longer be the correct word to use.

*I.O.B. Realty, Inc.*, 803 F. App'x 540, 541 (2d Cir. 2020).  On remand, the district court was instructed to (1) "state whether it is granting or denying the motions for summary judgment," and (2) "explain the basis for its authority to order the PTO to grant I.O.B. Realty's pending trademark applications and to register the PATSY'S PIZZERIA marks." *Id.*

Upon receiving that order, the district court filed a "response to order of remand," Special App'x 4 (capitalization omitted), explaining that "[t]he judgment granted full relief to the parties, and there was no purpose, even an academic one, in separately addressing the summary judgment motions," *id*. at 5; on June 4, 2020, it then issued essentially the same judgment as before, verbatim, in which it again ordered the PTO to grant I.O.B.'s application and to register the PATSY'S PIZZERIA mark.

"We review *de novo* whether the District Court has complied with our mandate." *Puricelli v. Republic of Argentina*, 797 F.3d 213, 218 (2d Cir. 2015); *see also Havlish v. 650 Fifth Ave. Co.*, 934 F.3d 174, 181 (2d Cir. 2019) ("A district court must follow the mandate issued by an appellate court.").  By revisiting his previous analysis and dismissing the summary judgment process as inapposite, it seems Judge Stanton believed our colleagues had overlooked the logic that undergirded his prior decision.  Although we do not doubt the practicality of his solution,[3] the fact remains that the district court continues to elide the

---

[3] We understand the district court to have seized upon Patsy's Brand's strategic concession that there was no likelihood of confusion between the parties' marks, thus protecting it from I.O.B.'s infringement claims while implicitly signaling that I.O.B.'s mark deserved registration.  Patsy's

purpose, if not the plain text requirements, of Rule 56. Not only that, the present judgment stands in contravention of this Court's mandate because it fails to state "whether it is granting or denying" each of the summary judgment motions.[4] For the latter reason at the very least, we vacate the judgment dated June 4, 2020, including the district court's order to the PTO to register the PATSY'S PIZZERIA mark therein. *See Puricelli v. Argentina*, 797 F.3d 213, 218 (2d Cir. 2015) (vacating class certification order for failure to follow the "broader spirit" of the Court's mandate on remand); *In re Coudert Bros LLP*, 809 F.3d 94, 98–99 (2d Cir. 2015) (vacating orders below because the bankruptcy court did not "carry out its duty to give the mandate 'full effect'" (quoting *Ginett v. Comput. Task Grp., Inc.*, 11 F.3d 359, 360–61 (2d Cir. 1993)).

Instead of sending this case back a second time, however, the undisputed facts in the record permit us to enter summary judgment in the first instance. *See* Wright &

Brand's continued opposition to I.O.B.'s registration despite that concession bespeaks a stark inconsistency. And, indeed, its frequent gamesmanship has not escaped notice during this litigation. *See, e.g.*, *Patsy's Italian Restaurant, Inc. v. Banas*, No. 06-cv-0729, 2015 WL 9694666 (E.D.N.Y. May 15, 2015) ("[Patsy's Brand's] refusal to enter into a concurrent use agreement is merely punitive."). We also recognize the colorable argument that 15 U.S.C. § 1119 might have permitted the given relief under certain circumstances, but because we will enter summary judgment for the defendant at this juncture and resolve the dispute, there is no need for us to consider the validity of Judge Stanton's order in that regard.

[4] To the extent one might argue the remand order permitted the district court, in a literal sense, to answer that it was *neither* granting nor denying the motions, that interpretation is foreclosed by the context in which the order was issued. It was quite apparent to the previous panel that the district court had not directly addressed the competing Rule 56 motions; the only natural reading of the order, therefore, was that it instructed the district court to decide the motions one way or the other.

Miller, 10A Fed. Prac. & Proc. Civ. § 2716 (4th ed.) ("[W]hen the Rule 56 standard has been met, the reviewing court may direct the entry of summary judgment even though the district court did not act favorably on the motion. The appellate court . . . can include the order as part of its opinion . . . ."); *see also Stein v. Oshinsky*, 348 F.2d 999, 1002 (2d Cir. 1965) (Friendly, *J.*) (concluding, on appeal from grant of summary judgment, that it was error and noting that "the case calls on us to direct judgment dismissing the complaint"); *cf. International Longshoremen's Ass'n, AFL-CIO v. Seatrain Lines, Inc.*, 326 F.2d 916, 921 n.2 (2d Cir. 1964) ("When on plaintiff's motion for summary judgment the undisputed facts show that plaintiff has no case, this court has power to grant summary judgment for the defendant . . . .").

I.O.B. alleges causes of action for (1) false designation of origin, in violation of 15 U.S.C. § 1125(a), and (2) common law trademark infringement. To succeed on either claim, a plaintiff must prove that the defendant's use of the challenged mark is likely to cause consumers confusion as to the origin or sponsorship of the goods. *Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003); *Am. Footwear Corp. v. Gen. Footwear Co.*, 609 F.2d 655, 664 (2d Cir. 1979) (explaining that "[t]he test, under both the Lanham Act and the common law, is the likelihood that the consuming public will be confused as to the source of the allegedly infringing product."); *see also ITC Ltd. v. Punchgini, Inc.*, 9 N.Y.3d 467, 473–74 (2007) (acknowledging a parallel action under New York common law as a claim arising under § 1125(a) of the Lanham Act).

"In a trademark infringement case, we review *de novo* a ruling on whether the plaintiff has shown a likelihood of confusion because we consider the issue to be a question of law." *Car-Freshner Corp. v. Am. Covers, LLC*, 980 F.3d 314, 326 (2d Cir. 2020). In light of the parties' stipulated facts, *see* App'x 68, and I.O.B.'s failure to adduce evidence showing that there is a disputed factual issue as to whether there is a likelihood of confusion between the marks PATSY'S PIZZERIA and PATSY'S OF NEW YORK, *see* App'x 204–17, 948–75, both of I.O.B.'s claims necessarily fail as a matter of law.[5] *See Simsbury-Avon Pres. Club, Inc. v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009) ("[T]he nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment.").

Accordingly, for the reasons set forth above, the judgment of the district court dated June 4, 2020 is VACATED, judgment is ENTERED for Patsy's Brand, and the case is DISMISSED with prejudice.

For the Court:
Catherine O'Hagan Wolfe, Clerk

---

[5] On appeal, I.O.B. concedes that the district court's "finding . . . that there was no likelihood of confusion between the subject marks . . . properly disposes of both motions for summary judgment seeking a determination on infringement." I.O.B. Br. at 16. Moreover, I.O.B. offers no arguments that could contest the assessment that there are no material facts in dispute that would preclude summary judgment on its claims as a matter of law in favor of Patsy's Brand. Accordingly, I.O.B. has waived any arguments to the contrary on appeal. *See Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 (2d Cir. 2006) (noting that an argument not pressed on appeal is waived).