**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 00-50498
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD LUNA,

Defendant-Appellant.

- - - - - - - - - -
On Appeal from the United States District Court
for the Western District of Texas
(EP-99-CR-904-1-H)
- - - - - - - - - -
June 29, 2001

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ronald Luna was convicted on four counts of bribery in violation of 18 U.S.C.§ 201(b)(2) (Counts One through Four) and two counts of submitting false and fraudulent claims with a federal agency in violation of 18 U.S.C. § 287 (Counts Five and Six). He challenges his bribery convictions on the ground that Counts Two, Three, and Four of the indictment are multiplicitous

[*] Pursuant to 5TH Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH Cir. Rule 47.5.4.

because together they allege the same specific conduct encompassed by the general allegations of Count One. He also claims that the district court abused its discretion in permitting a government witness to speculate about the meaning of a tape-recorded statement made by Luna, and that the district court plainly erred in allowing the prosecutor to make improper comments during closing argument. Concluding that Luna affirmatively waived his right to challenge the multiplicity of his convictions; and that his remaining two contentions are without merit, we affirm.

## I. *Facts and Proceedings*

Luna's convictions stem from his position as a project engineer for the Directorate of Public Works and Logistics ("DPWL") at the Fort Bliss United States Army Base. While serving in that capacity, he (1) encouraged DPWL to purchase services from a company called King's Aire and (2) filed fraudulent claims on King's Aire's behalf, in return for monetary payments from King's Aire to Luna. He was charged with the four counts of bribery and two counts of filing false and fraudulent claims with an agency of the United States for which he was convicted.

Count One of the indictment charged Luna with soliciting and accepting bribes from King's Aire. Counts Two, Three, and Four each alleged particular incidents of solicitation and receipt of bribes. Specifically, Count Two alleged that, in return for submitting fraudulent expense reports to DPWL at the behest of

King's Aire, Luna received $1000 cash on April 9, 1999; Count Three alleged that Luna received $1,000 cash on April 15, 1999 for the same kind of activity; and Count Four alleged that he received a $500 check on April 29, 1999 for doing the same thing. Luna pleaded not guilty and went to trial.

On two occasions the district court inquired <u>sua</u> <u>sponte</u> into the apparent multiplicity of the bribery counts. The first occasion occurred at a pretrial conference when the court stated that this "might be a situation that calls for an election before the case goes to the jury." The second occurred after the close of the evidence at trial when the district court again raised the issue, asking the parties for their opinions whether an election was required. The prosecutor answered that he did not believe an election was necessary but was willing to make one if the court so required. In his response, Luna's counsel stated that he had no objection to submitting all four bribery counts to the jury. Luna was present during this entire colloquy and apparently stood mute.

The jury found Luna guilty on all six counts charged in the indictment. After that, Luna filed a motion for a judgment of acquittal and for a new trial on grounds that (1) the evidence presented at trial was insufficient to support his convictions and (2) the prosecutor made improper statements during closing arguments. He did not complain to the district court about the multiplicity question.

The court denied Luna's motion and sentenced him to 27 months

of imprisonment and three years of supervised release for each count of conviction, with all terms to run concurrently. The court also imposed a $2,500 fine and a special assessment of $100 per count of conviction. Luna timely appealed.

## II. *Analysis*

### A. Multiplicitous Convictions

Luna contends, for the first time on appeal, that his bribery convictions are multiplicitous in that the specific offenses alleged in Counts Two, Three, and Four of the indictment merely allege the discrete occurrences covered by the general allegations of Count One. This raises a legal issue, over which we typically have plenary review.[2] Luna acknowledges that we must consider his claim under the plain error standard of review because he failed to register an objection in the district court. We decline to review this issue at all, however, as we conclude that Luna expressly waived it at trial when he acceded to and acquiesced in his counsel's explicit demurral to the court's invitation to require the government to make an election as to which count or counts should be submitted to the jury.

"Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the

---

[2] United States v. Lankford, 196 F.3d 563, 577 (5th Cir. 1999).

4

'intentional relinquishment or abandonment of a known right.'"[3] "When a defendant has waived a right, the district court cannot be said to have erred by failing to override the intentions of the defendant's counsel by asserting the right <u>sua</u> <u>sponte</u>."[4] Here, the district court twice raised the issue of the multiplicity of the charges <u>sua</u> <u>sponte</u>, first in a pretrial conference and again just before the charges were submitted to the jury for consideration. On this latter occasion, the district court essentially offered to require the government to make an election as to which among the potentially redundant charges should be submitted to the jury, and, in Luna's presence, Luna's counsel expressly declined that offer.

Admittedly, it was not Luna himself who spoke the words; rather it was his attorney whose statement in open court unequivocally rejected the district court's offer. We typically consider the statements of counsel to be expressions of his client's wishes, translated into the appropriate legal language. Nevertheless, we recognize that some slight hesitation is in order when, as here, the decision of counsel attributed to the defendant waives one of his substantive rights in a criminal proceeding.

There is a paucity of cases discussing the issue of multiplicity of a defendant's convictions, and we are aware of none

---

[3] <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993) (quoting <u>Johnson v. Zerbst</u>, 304 U.S. 458, 464 (1938)).

[4] <u>United States v. Reveles</u>, 190 F.3d 678, 683 (5th Cir. 1999) (citing <u>Olano</u>, 507 U.S. at 733).

5

that do so in the context of waiver.[5]  Therefore, we must look to analogous cases.  A general analogy can be made to most criminal trials, wherein defense counsel is regularly compelled to make any number of tactical decisions, such as whether to register an objection to an improper comment by the prosecutor or a witness, whether to put the defendant on the stand, and the like.  In such instances, there is no real question whether defense counsel's failure to object or refusal to put the defendant on the stand is deemed to be the will of the defendant.

Perhaps a closer analogy is reflected in our decision in United States v. Reveles[6] which holds that a defendant, through his counsel's repeated and express actions, waived — as opposed to forfeited — his Sixth Amendment right not to have the court admit into evidence an incriminating statement by a non-testifying co-defendant.  Our Reveles opinion relied in turn on our holding in United States v. Stephens,[7] that "a defendant's attorney can waive the Sixth Amendment's confrontation right 'so long as the defendant does not dissent from his attorney's decision, and so long as it can be said that the attorney's decision was a legitimate trial

---

[5] But cf. United States v. Soape, 169 F.3d 257 (5th Cir. 1997), which uses the terms "waiver" and "waive" when the issue actually before the court was whether the defendant had forfeited his right to challenge the alleged multiplicity of his sentences by failing to object in  the district court.

[6] 190 F.3d 678, 683 (5th Cir. 1999).

[7] 609 F.2d 230 (5th Cir. 1980)

tactic or part of a prudent trial strategy.'"[8]

There is no evidence in the instant record that Luna in any way questioned or dissented from his counsel's decision to decline the district court's offer — a decision that can be considered to embody a legitimate trial tactic. Contextually, we cannot ignore the fact that Luna is a mature, educated, experienced government executive. He easily should have been able to comprehend the straightforward, open-court discussion of the alleged redundancies in the bribery counts of his indictment and consult with his attorney if he had any concern or disagreement whatsoever.

In rejecting Luna's challenge to the multiplicity of his convictions, we do so <u>sua</u> <u>sponte</u>, as the government — the appellee in this instance — did not argue explicit waiver in its appellate brief or at oral argument. Rule 28 of the Federal Rules of Appellate Procedure requires that the briefs of the parties contain their "contentions and the reasons for them, with citations to the authorities and parts of the record on which [the party] relies."[9] Although our general practice is to construe this rule strictly and thus deem waived any claims not briefed,[10] we nevertheless enjoy the discretion to consider such matters when we perceive the need to do

---

[8] <u>Reveles</u>, 190 F.3d at 683 n. 6 (quoting <u>United States v. Stephens</u>, 609 F.2d 230, 232-33 (5th Cir. 1980)).

[9] Fed. R. App. Proc. 28 (2001).

[10] <u>See</u>, <u>e.g.</u>, <u>United States v. Fagan</u>, 821 F.2d 1002, 1015 n. 9 (5th Cir. 1987).

so.  As we recently stated in <u>United States v. Miranda</u>,[11] "the issues-not-briefed-are-waived rule is a prudential construct that requires the exercise of discretion.  We may consider such an issue, particularly where substantial public interests are involved."[12]

In addition, we construe this rule more leniently when the party who fails to brief an issue is the appellee.  We do this in recognition of the differences in the situations of the appellant and the appellee.  As a general rule, the appellee is entitled to rely on the favorable ruling of the court from which the appeal has been taken; appellees "do not select the issues to be appealed[,] . . . [and] are at a procedural disadvantage in appeals because they can neither file reply briefs nor choose when to appeal."[13] Moreover, two of the major policy underpinnings of the rule that the-issues-not-briefed-are-waived, i.e., "'avoiding piecemeal litigation and conserv[ing] judicial resources . . . are less implicated when the party against whom waiver is asserted is the appellee.'"[14]  This is not to imply that we here deviate from the rule expressed in <u>Miranda</u> that we may consider issues not briefed

---

[11] 248 F.3d 434 (5th Cir. 2001).

[12] <u>Miranda</u>, 248 F.3d at 443-44 (citations omitted).

[13] <u>Laitram Corp. v. NEC Corp.</u>, 115 F.3d 947, 954 (Fed. Cir. 1997).

[14] <u>Shell Offshore, Inc. v. Director, Office of Worker's Comp. Programs</u>, 122 F.3d 312, 317 (5th Cir. 1997) (quoting <u>Laitram</u>, 115 F.3d at 954).

when "substantial public interests are involved."[15]  We are merely saying that the "substantial public interest" hurdle is lower when the party who fails to brief the issue is the appellee.

This is clearly an occasion when the integrity of the judicial system requires us to address the issue whether Luna waived —— and did not merely forfeit —— his right to object to the multiplicity of his convictions.  To allow a defendant, perhaps for tactical purposes, expressly to reject the court-initiated opportunity to cure a potential error, then later —— if he loses before the jury —— to urge that same "error" on appeal, could undermine our adversarial system of justice and reward the defendant with a "heads I win, tails you lose" second bite.  Were we to ignore Luna's implicit ratification of his counsel's express waiver of the district court's offer to remedy exactly the "error" he now urges on appeal and proceed to examine it for plain error, we would be doing just that.

B. Improper Testimony of a Government Witness

Luna also claims that he is entitled to a new trial because the district court improperly permitted a government witness to speculate about the meaning of Luna's tape-recorded statement to that witness.  We review the district court's evidentiary rulings for abuse of discretion.[16]  Federal Rule of Evidence 701 mandates

---

[15] Miranda, 248 F.3d at 444.

[16] United States v. Phillips, 219 F.3d 404, 409 (5th Cir.2000).

9

that the testimony of lay witnesses be "limited to those opinions or inferences which are (a) rationally based on the perception of the witness, [and] (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue."  We have long recognized that "a trial court has some latitude in permitting a witness on direct examination to testify as to his conclusions, based on common knowledge or experience."[17]

Luna's contentions to the contrary notwithstanding, the district court acted well within the bounds of its discretion in allowing the testimony of King's Aire's controller as to the meaning of tape-recorded statements made by Luna.  The testimony at issue was based on the first-hand knowledge of the witness, who was present during the recorded conversation Luna was discussing, and helped to illuminate the meaning of Luna's statements.  The court did not abuse its discretion in this evidentiary ruling.

C. Prosecutorial Misconduct

Luna next contends that the prosecutor mischaracterized material evidence during his closing argument.  In evaluating such a challenge, we ask whether the prosecutor's remarks (1) were improper and (2), when taken as a whole and in the context of the entire trial, prejudiced Luna's substantial rights.[18]  Because Luna did not contemporaneously object to the prosecutor's remarks, we

---

[17] United States v. Mandujano, 499 F.2d 370, 379 (5th Cir. 1974).

[18] United States v. Munoz, 150 F.3d 401, 415 (5th Cir. 1998).

review this contention for plain error.[19]

After carefully reviewing the remarks in question as well as the record as whole, we are satisfied that the contested comments merely discussed evidence that was already present in the record and did so without improperly coloring that evidence. In allowing those comments, the district court did not commit plain error.

### III. *Conclusion*

For the foregoing reasons, Luna's convictions and sentences are

AFFIRMED.

---

[19] <u>United States v. Calverley</u>, 37 F.3d 160, 163 (5th Cir. 1994) (en banc).