NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WCM INDUSTRIES, INC., A COLORADO CORPORATION,**
*Plaintiff-Appellee*

**v.**

**IPS CORPORATION, A DELAWARE CORPORATION,**
*Defendant-Appellant*

**AMERICAN BRASS & ALUMINUM FOUNDRY COMPANY, A CALIFORNIA CORPORATION, JOHN DOE, AN INDIVIDUAL,**
*Defendants*

---

2019-1773

---

Appeal from the United States District Court for the Western District of Tennessee in No. 2:13-cv-02019-JPM-tmp, Chief Judge Jon P. McCalla.

---

Decided: April 20, 2020

---

J. MICHAEL JAKES, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, argued for plaintiff-appellee. Also represented by KATHLEEN DALEY, JASON

LEE ROMRELL.

DAVID SILVIA, McCarter & English, Stamford, CT, argued for defendant-appellant IPS Corporation. Also argued by JOSEPH ANTHONY FARCO, Norris McLaughlin, P.A., New York, NY.

—————————————

Before PROST, *Chief Judge*, LINN and TARANTO, *Circuit Judges*.

PROST, *Chief Judge*.

This case returns to us following our decision in *WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959 (2018) ("*WCM I*") where we reversed-in-part, affirmed-in-part, vacated-in-part, and remanded to the United States District Court for the Western District of Tennessee. On remand the district court determined that damages should be enhanced and that post-judgment interest should accrue from the date of the district court's December 4, 2015 decision. *See WCM Indus., Inc. v. IPS Corp.*, No. 2:13-cv-02019, Order Revising Enhanced Damages Analysis and Calculation, ECF No. 823 (W.D. Tenn. Mar. 14, 2019); *see also id.*, Third Amended Final Judgment, ECF No. 831 (W.D. Tenn. Mar. 29, 2019). IPS Corporation ("IPS") appeals these determinations. For the reasons below, we affirm-in-part, reverse-in-part, and remand.

I

In *WCM I*, we provided a detailed review of the background of the case. *See WCM I*, 721 F. App'x at 961–65. For this appeal, we recite only the facts relevant to our decision.

On February 5, 2018, we vacated the district court's award of treble damages. In vacating the decision, we noted that the district court's analysis regarding many of the *Read* factors "was either non-existent or incorrect."

*WCM I*, 721 F. App'x at 972 (citing *Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992)).[1]  Because of our concerns with the district court's analysis, we concluded "that the district court made a clear error of judgment amounting to an abuse of discretion." *Id.* at 971–73.  Accordingly, we set aside the entirety of the enhanced damages award and instructed the district court to determine "the amount by which the damages should be enhanced, if at all." *Id.* at 961.

Following briefing by the parties, the district court revisited its enhancement analysis.  On March 14, 2019, the district court, noting the additional analysis it conducted, determined that a 2.5 multiplier of the award is the appropriate enhancement.  Then on March 29, 2019, the district court held that post-judgment interest started accruing on December 4, 2015—the date of the district court's original decision.

IPS timely appealed.  We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II

On appeal, IPS contends that the district court improperly (1) failed to follow our mandate, (2) awarded a 2.5 enhancement multiplier of damages, and (3) awarded post-judgment interest accruing from the district court's initial decision.  We discuss each of these arguments in turn.

## A

We review a district court's interpretation of our mandate de novo. *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 950 (Fed. Cir. 1997).  A district court "may act on matters

---

[1]    As we noted in *WCM I*, though the nine factors discussed in *Read* are not mandatory, they may assist the trial court in deciding whether damages should be enhanced at all, and if so, by how much. *WCM I*, 721 F. App'x at 972.

left open by the mandate." *Id.* at 951 (internal quotation marks omitted).

We disagree with IPS's contention that the district court failed to follow our mandate. For instance, just because the district court did not discuss *Read* factors 8 and 9 in its opinion does not mean that the district court did not consider them. *See Medtronic, Inc. v. Daig Corp.*, 789 F.2d 903, 906 (Fed. Cir. 1986) ("We presume that a fact finder reviews all the evidence presented unless he explicitly expresses otherwise."). Likewise, even though the district court did not discuss any differences in IPS's culpability for the sales of its different product lines, we nonetheless presume that the district court reviewed all the evidence before it. *Id.* Further, we did not require the district court to differentiate culpability between the various product lines. *WCM I*, 721 F. App'x at 973 n.6 (noting that the district court "*may* also consider whether the degree of IPS's culpability might be different for sales of the Classic Product as compared to sales of the Revised Product" (emphasis added)).

We have considered IPS's other arguments and find them unpersuasive. Accordingly, we conclude that IPS has not shown that the district court failed to follow our mandate.

B

We review a district court's decision to enhance damages for abuse of discretion. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1934 (2016). A decision of enhancement cannot stand if "the determination was based on an erroneous conclusion of law, clearly erroneous factual findings, or a clear error of judgment amounting to an abuse of discretion." *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1543 (Fed. Cir. 1995) (en banc).

We disagree with IPS's contention that the district court abused its discretion in enhancing damages by a 2.5

multiplier.  Unlike in the district court's initial decision—where it awarded treble damages and "provided only a single conclusory sentence as to why it was awarding the maximum amount" of enhanced damages, *WCM I*, 721 F. App'x at 973—here the district court provided a more complete analysis of the *Read* factors and supported its analysis with record evidence.  Upon a review of the district court's decision and the record before us, we determine that the district court did not abuse its discretion in enhancing damages by a 2.5 multiplier.  *See Arctic Cat Inc. v. Bombardier Recreational Prods., Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017) (affirming award of enhanced damages when district court revisited its initial analysis and applied the *Read* factors).

C

We apply the regional circuit's law when reviewing the accrual date for post-judgment interest.  *Taltech Ltd. v. Esquel Enters. Ltd.*, 604 F.3d 1324, 1335 (Fed. Cir. 2010).  The Sixth Circuit applies the rationale of *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827 (1990), to determine when post-judgment interest starts accruing.  *See Adkins v. Asbestos Corp., Ltd.*, 18 F.3d 1349, 1351 (6th Cir. 1994).  Under *Bonjorno*, post-judgment interest starts accruing from the date that the judgment is "meaningfully ascertained."  *Adkins*, 18 F.3d at 1351–52 (quoting *Bonjorno*, 494 U.S. at 836).  A damages award is not meaningfully ascertained if it is not supported by the evidence.  *See id.* (citing *Bonjorno*, 494 U.S. 830–31).

IPS contends that post-judgment interest could not have started accruing from the date of the district court's initial judgment because that was a legally insufficient judgment.  As support, IPS points to *Adkins*.  There, the Sixth Circuit held that post-judgment interest started accruing from the date of the district court's decision on remand, not the date of the district court's original decision.  The court explained that, although it had affirmed the

district court's liability findings in the initial appeal, it had vacated and remanded the damages award for further proceedings "because the district court had failed to make specific findings of fact and conclusions of law justifying its award of damages." *Adkins*, 18 F.3d at 1350. Because the initial decision included such errors in the damages calculation, the damages awarded had not been meaningfully ascertained. *Id.* at 1350, 1352. Thus, the Sixth Circuit held that post-judgment interest could not start accruing until the date of the district court's decision on remand, which properly calculated damages. *Id.*

WCM, on the other hand, argues that the district court engaged in a straightforward reduction of the December 4, 2015 damages award, and therefore post-judgment interest should start accruing from the December 4, 2015 judgment. As support for this position, WCM analogizes to *Coal Resources, Inc. v. Gulf & Western Industries, Inc.*, 954 F.2d 1263 (6th Cir. 1992). In *Coal Resources*, the Sixth Circuit reduced the district court's damages award via a remittitur. The Sixth Circuit determined that the damages awarded "were sufficiently ascertained at the time of the District Court judgment" because "[t]he remittitur merely reduced the damages by a distinct amount easily determined from the facts of the case." *Id.* at 1275.

Here, unlike in *Coal Resources*, the enhanced damages award was not subsequently modified by a distinct and easily determinable amount. Rather, in *WCM I* we vacated the entirety of the enhanced damages. *WCM I*, 721 F. App'x at 973. Our *WCM I* decision did not merely ask the district court to reduce the amount of enhancement by a distinct amount, but rather required the district court "to reconsider . . . the amount by which the damages should be enhanced, *if at all*." *Id.* (emphasis added)). Further, as WCM stated in its brief, "the district court made additional factual findings" to comply with our mandate. Appellee's Br. 8 (capitalization normalized). Accordingly, we conclude

that the enhanced damages were not sufficiently ascertained as of December 4, 2015.

We have considered WCM's other arguments and find them unpersuasive. We therefore determine that the post-judgment interest on the enhanced damages should have started accruing from the district court's March 14, 2019 decision.

## III

For the foregoing reasons we affirm the district court's decision to enhance damages by a 2.5 multiplier, and reverse the district court's determination that post-judgment interest for the enhanced damages should accrue from December 15, 2015 based on our determination that post-judgment interest should accrue from March 14, 2019. Accordingly, we remand the case for the district court to enter an award consistent with this opinion.

**AFFIRMED-IN-PART, REVERSED-IN-PART, AND REMANDED**

COSTS

The parties shall bear their own costs.